IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNNE TURK, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2199-N |
| | § | |
| PERSHING LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This Order addresses Plaintiffs' motion to prohibit improper solicitation of class action opt-outs [109]. Because the Court finds the challenged communications did not pose a substantial risk of interference with the rights of the parties, the Court denies Plaintiffs' motion insofar as it requests retroactive relief. However, to ensure future class opt-outs are fully apprised of their legal options, the Court orders any further communications to contain certain disclosures.

**I. THE NATURE OF THE DISPUTE**

This action arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and the entities under his control. Plaintiffs are a putative class of investors who seek recovery from Pershing LLC, a clearing broker that provided certain professional services for the Stanford entities. This motion concerns a dispute between Plaintiffs' counsel and third-party counsel – Florida-based law firms Scarlett, Gucciardo & Hirsch, P.A. (the "Scarlett Firm"), and Criden & Love, P.A. (the "Criden Firm") (collectively, "Opt-Out

Counsel"). Plaintiffs' counsel contends that Opt-out Counsel violated Federal Rule of Civil Procedure 23, Texas state bar rules, and Florida state bar rules by allegedly soliciting opt-out claimants with misleading communications.

Plaintiffs challenge three communications in particular, as well as point out circumstantial evidence of other potentially misleading communications. First, Plaintiffs challenge two blog posts on websites created for Stanford victims, allegedly posted by the Scarlett firm. *See* Pls.' Emergency Mot. Prohibit Solicitation Exs. B & C [109-2, 109-3]. Plaintiffs contend these posts violate specific Texas and Florida bar rules, and that they are misleading because they fail to mention this class action as an additional route to recovery. Plaintiffs also refer to anonymous online posts by supposed Stanford victims which express confusion or a less than full understanding of the actions pending against Pershing, purportedly created by Opt-Out Counsel. Plaintiffs assert entitlement to a variety of relief based on these communications.

## II. ANALYSIS

### *A. The Legal Standard*

Federal Rule of Civil Procedure 23 bestows on a district court "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). An order limiting communication with potential class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 102. In the event a court must

limit communication, it should order only "the narrowest possible relief which would protect the respective parties." *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977).

In addition to Rule 23, courts have inherent powers to discipline attorneys for inappropriate conduct. *See Resolution Trust Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993). Such inappropriate conduct may include violation of state bar rules. *See id.* at 341. However, prior to sanctioning an attorney, a court must make a specific finding that the attorney acted in bad faith. *Bright*, 6 F.3d at 340.

### *B. The Court Denies Plaintiffs' Request for Retroactive Corrective Action*

Under the balancing called for by Rule 23 and *Bernard*, the Court finds sanctions and corrective action unnecessary here. First, the Scarlett Firm's blog posts posed only a minimal risk of upsetting the progress of the class action before this Court or of interfering with the rights of opt-out claimants. The blog posts appear primarily designed to apprise claimants of the Scarlett Firm's intention to bring an action against Pershing. The communications are not coercive or misleading in a material way. Although the communications do neglect to mention the existence of the class action currently before this Court, the Court finds that of small concern when balanced against the relatively benign character of the remainder of the communications.

Additionally, the Court declines to consider any corrective action for unsubstantiated communications whose existence is implied only by anonymous online comments. *See* Pls. Emergency Mot. Prohibit Solicitation Exs. E, F, G [109-5, 109-6, 109-7]. At most, these posts are circumstantial evidence of communications that may or may not be misleading and

may or may not violate Rule 23. The Court declines to take corrective action where there is only marginal evidence that any wrongdoing has taken place.

Moreover, the Court finds insufficient evidence to impose any sanction for a violation of Texas or Florida state bar rules.[1] Courts are to impose sanctions on attorneys for unethical conduct only where it is shown the attorney acted in bad faith. *Bright*, 6 F.3d at 340. Here, Plaintiffs do not make any showing that Opt-Out Counsel's communications were in bad faith or undertaken in knowing disregard of the state bar rules. Indeed, the Court has no evidence before it that would support such a conclusion. The Court therefore declines to take any action for violation of state bar rules.

### *C. The Court Imposes Requirements for Future Communications With Class Opt-Outs*

Although the Court finds retroactive corrective action unnecessary, the Court holds future limitations on communications are appropriate under Rule 23. To ensure class opt-outs are afforded every opportunity to a rightful recovery, the Court orders that Opt-Out Counsel must make three disclosures when communicating with class opt-outs in the future. In any communication directed at potential class action opt-outs, whether privately or in a public space, Opt-Out Counsel must disclose (1) the existence of the *Turk v. Pershing* class action currently pending before this Court; (2) that the parties in this action have agreed to toll the statute of limitations while the action is pending; and (3) that the Court will oversee the fairness of any contingency fee in this action pursuant to Federal Rule of Civil Procedure

---

[1] For purposes of this paragraph, the Court assumes without deciding that it would have jurisdiction to sanction Opt-Out Counsel, if needed.

23(h). The Court does not otherwise limit Opt-Out Counsel from communicating with opt-out class members.

## CONCLUSION

Finding that the challenged communications posed only a minimal risk of confusion to opt-out class members, the Court declines to take retroactive corrective action or to prohibit future communications. Subject to the three requirements enumerated above, Opt-Out Counsel may continue to communicate with class action opt-outs.

Signed December 2, 2014.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 5