IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNNE TURK, et al., | § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 3:09-cv-02199 |
| vs. | § § | |
| PERSHING, LLC | § § § | |
| *Defendant.* | § | |

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF CERTAIN INFORMATION PRODUCED IN DISCOVERY**

THIS CAUSE came before` the Court upon the parties' Joint Motion for Entry of a Stipulated Protective Order Regarding Confidentiality of Certain Information Produced in Discovery (the "Motion").

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the matter.

To expedite and facilitate discovery, pursuant to the Court's authority under Federal Rule of Civil Procedure 26 and for good cause shown, and with the consent of the Parties to the above-captioned matter, it is hereby:

ORDERED AND ADJUDGED that:

1.      This Protective Order ("Order") shall govern documents, tangible objects, and other products of discovery in this matter; all information derived therefrom; and all copies, excerpts, and summaries derived therefrom produced or given in this action by a party or non-party.

2.      "Confidential Information" means any document, thing or information (or any summaries, reports, or descriptions thereof) that any party or non-party contends is subject to the obligation of confidentiality set forth in the Rules of Professional Conduct or that otherwise

contains (a) private or confidential personal financial information; (b) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (c) information received in confidence from third parties. In designating information as "Confidential," a party will make such designation only as to the information that it in good faith believes contains confidential information that would be protectable under Fed. R. Civ. P. 26(c).

   3. Documents or information may be designated Confidential Information within the meaning of this Order in the following ways:

     a. In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such documents (or, in the case of documents produced electronically in their native format, by labeling the filename, folder, or physical medium on which they are produced): CONFIDENTIAL.

     b. In the case of responses to interrogatories or requests for admission, designation shall be made by means of a statement at the beginning of such responses specifying the responses as Confidential Information. The following legend shall be placed on the front of any set of responses to interrogatories or requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL MATERIAL."

     c. In the case of depositions and the information contained in depositions (including exhibits), designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by statement to such effect on the record in the course of the deposition by the attorneys for the party or witness producing such information, or by letter between the attorneys within thirty (30) days of receipt of the deposition transcript or copy thereof. The entire deposition transcript (including exhibits) shall be treated as Confidential

Information under this Order until the expiration of the above-referenced thirty-day period for designation by letter. The following legend shall be placed on the front of any deposition containing Confidential Information: "CONTAINS CONFIDENTIAL MATERIAL."

4. A party or non-party may not use Confidential Information except for purposes of prosecuting or defending the claims in this litigation or in connection with any appeals in this action. Such Confidential Information may only be disclosed to and used by the following persons

    a. The named parties to this case;

    b. The Court, Court personnel and staff, and court reporters who record testimony taken in the course of this action;

    c. The attorneys of record in this action, together with the regular and temporary employees of such counsel;

    d. Experts or consultants retained in good faith to assist counsel in this action;

    e. Persons identified as actual or potential witnesses who may testify at any deposition or hearing in this action, provided that before disclosure of a confidential document, they are first placed on notice that they are prohibited from disclosing or making use of any such information and agree on the record that they will maintain the confidentiality of the information disclosed; and

    f. Any other person only upon order of the Court or upon written stipulation of the parties.

5. If any party objects to the designation or non-designation of any document or information as Confidential Information, that party shall state the objection with particularity by

letter to counsel for the party that designated the document or information as such. If an objection is made, and the parties are unable to resolve that objection, the burden is on the objecting party to move the Court for a resolution of the dispute. Until the Court rules on any such motion, the document or information shall be deemed Confidential Information, as designated, under the terms of this Order, The provisions of this paragraph are not intended to shift the burden of establishing that information is subject to protection under this Order in the event of a dispute; the burden of establishing that information is Confidential Information shall be borne at all times by the party that designated the document or information Confidential Information. A party's decision not to object to a designation of Confidential Information shall not be deemed to be an admission by any party that the document or information actually is confidential.

6. Within 60 days of any final adjudication (including any appellate proceedings) or final settlement of the claims at issue, the parties shall return to counsel for the producing party the Confidential Information produced by the other party and all copies thereof, or shall provide written assurance to the producing party that any Confidential Information received and any documents, data or other materials derived from Confidential Information have been destroyed. The parties need not return to counsel for the producing party or destroy any documents which were produced and not designated as Confidential Information.

7. Notwithstanding the provisions of Paragraph 6, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order following the termination of this litigation. Any Confidential Information

retained pursuant to this paragraph shall not be used for any purpose other than in connection with this action.

        8.      If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing in a reasonable amount of time of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

        9.      To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated Confidential Information. The initial failure to designate information in accordance with this Protective Order shall not preclude the producing party at a later date, from designating any information Confidential Information. The producing party may, by written notice to counsel of record for the receiving party, within thirty days of the discovery of the inadvertent disclosure of Confidential Information, designate previously produced information as Confidential Information which it had inadvertently failed to designate as Confidential Information. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated Confidential

5

Information, shall restrict the disclosure or use of such information pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

10.  Confidential Information, including information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

11.  Privacy of Personal Information.

a.  The Parties anticipate that in order to prosecute or defend against the claims in this action, they may need to disclose and/or seek through discovery documents that may contain confidential and/or personal information pertaining to current and former clients of Stanford Group Company, whose accounts were cleared through Pershing, LLC. The Securities and Exchange Commission, which regulates the conduct of financial institutions pursuant to Regulation S-P, requires financial institutions to protect the confidentiality of personal information relating to clients. Pershing will endeavor to redact customers' personal identifying information in its production of documents and designate such materials as CONFIDENTIAL.

b.  For purposes of compliance with Regulation S-P only, any personal or confidential client information disclosed by the parties in this action shall be deemed to have been produced pursuant to an order of the Court in the action in accordance with the provisions and terms of Regulation S-P issued by the Securities and Exchange Commission.

c.  This Order shall not constitute a waiver of any other objections that the Parties might have to the nature or scope of the information sought pursuant to any discovery

demands and is not an admission by the parties that this information is relevant and/or admissible in this action.

12. Inadvertent Disclosure of Privileged Information.

a. "Privileged Information" means any document, thing, or information (or any summaries, reports, or descriptions thereof) that any party or non-party contends is subject to (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other information protected by law from disclosure.

b. The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

c. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

d. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any

7

aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

   e. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

   f. If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Protective Order.

   g. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

   h. The parties agree that the Court may and should adopt this agreement as an order of the Court as contemplated by Rule 502, Fed. R. Evid., and that it may be enforceable as any other order of the Court.

   i. This stipulated agreement set forth in Paragraph 12 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

13. The agreement to enter into this Protective Order shall not be construed in any way to prejudice the rights of any party to seek a different level of protection including, without

limitation, a "Highly Confidential" or "Attorney's Eyes Only" designation for any material produced in this litigation. The parties reserve the right to apply to the Court, upon short notice, for an order seeking additional safeguards with respect to the use and handling of information exchanged in discovery.

SIGNED February 6, 2015.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

**ATTORNEYS FOR DEFENDANT**

_____

Thomas M. Farrell
Texas State Bar No. 06893250
McGUIREWOODS LLP
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Telephone: (713) 353-6677
Facsimile: (832) 214-9933

Jeffrey J. Chapman
(admitted *pro hac vice*)
McGUIREWOODS LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone:  (212) 548-7060
Facsimile:   (212) 548-2150

**ATTORNEYS FOR PLAINTIFFS**

HOHMANN, TAUBE & SUMMERS, L.LP

By:_____
 Guy M. Hohmann
 State Bar No. 09813100
 Ryan T. Shelton
 State Bar No. 24037484
 100 Congress Avenue, 18th Floor
 Austin, Texas 78701
 (512) 472-5997
 (512) 472-5248 (FAX)
 guyh@hts-law.com
 joeb@hts-law.com
 ryans@hts-law.com

GEORGE BROTHERS KINCAID & HORTON, LLP
 R. James George, Jr.
 State Bar No. 07810000
 Gary L. Lewis
 State Bar No. 12277490
 114 W. 7th Street, Suite 1100
 Austin, Texas 78701
 (512) 495-1400
 (512) 499-0094 (FAX)
 rjgeorge@gbkh.com
 gllewis@gbkh.com

BEASLEY HAUSER KRAMER
LEONARD & GALARDI, P.A.
 James W. Beasley, Jr.
 Florida Bar No. 145750
 Joseph G. Galardi
 Florida Bar No. 0180572
 Flagler Center, Suite 1500
 505 South Flagler Drive
 West Palm Beach, Florida 33401
 (561) 835-0900
 (561) 835-0939 (FAX)
 galardi@beasleylaw.net

BLACKNER, STONE & ASSOCIATES
 Lesley Blackner, Esquire
 Florida Bar No. 654043
 123 Australian Avenue
 Palm Beach, Florida 33480

(561) 659-5754  
(561) 659-3184 (FAX)  
lblackner@aol.com

CASTILLO SNYDER, P.C.  
Edward C. Snyder  
Texas Bar No. 00791699  
Bank of America Plaza  
Suite 1020  
300 Convert Street  
San Antonio, Texas 78205  
(210) 630-4200  
(210) 630-4210 (FAX)  
esnyder@casnlaw.com

NELIGAN FOLEY, LLP  
Nicholas A. Foley  
Douglas J. Buncher  
Republic Center  
325 N. St. Paul, Suite 3600  
Dallas, Texas 75201  
(214) 840-5320  
(214) 840-5301 (FAX)  
nfoley@neliganlaw.com  
dbuncher@neliganlaw.com

STRASBURGER & PRICE, LLP  
Edward F. Valdespino  
Andrew L. Kerr  
300 Convent Street, Suite 900  
San Antonio, Texas 78205  
(210) 250-6000  
(210) 250-6100 (FAX)  
edward.valdespino@strasburger.com  
andrew.kerr@strasburger.com

MORGENSTERN & BLUE, LLC  
Peter D. Morgenstern  
*(admitted pro hac vice)*  
885 Third Avenue  
New York, New York 10022  
(212) 750-6776  
(212) 750-3128 (FAX)  
pmorgenstern@mfbnyc.com